UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:24-CR-48-TAV-DCP |
| | ) | |
| BARBARA MEGAN MULLINS and | ) | |
| CHRISTOPHER CALEB MULLINS, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on the Joint Motion to Continue Trial [Doc. 29], filed on July 11, 2024, by Defendant Barbara Mullins and Defendant Christopher Mullins (together "Defendants").

Defendants ask the Court to continue the trial and all associated deadlines. In support of their motion, Defendants assert that the discovery in this case is voluminous, containing tens of thousands of files, and that the Government has indicated that additional, equally voluminous discovery will be produced. Defendants' motion reflects that counsel for the Government does not oppose a continuance and that Defendants understand their right to a speedy trial.

Based upon the information in Defendants' motion and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendants and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for Defendants the reasonable time

necessary for effective preparation, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i)–(iv). Counsel for Defendants need more time to time to review, discuss, and evaluate discovery with Defendants and otherwise prepare for trial. The Court finds that all of this cannot occur before the August 20, 2024 trial date.

The Court therefore **GRANTS** Defendants' Joint Motion to Continue Trial [**Doc. 29**]. The trial of this case is reset to **November 19, 2024**. A new, comprehensive trial schedule is included below. Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendants and the public in a speedy trial, all of the time between the filing of the motion on July 11, 2024, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, it is **ORDERED** as follows:

(1) Defendants' Joint Motion to Continue Trial [**Doc. 29**] is **GRANTED**;

(2) the trial of this matter is reset to commence on **November 19, 2024, at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) all time between the filing of the motion on **July 11, 2024**, and the new trial date of **November 19, 2024**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing pretrial motions is extended to **August 12, 2024**, and responses to motions are due on or before **August 26, 2024**;

(5) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **October 18, 2024**;

(6) the deadline for filing motions *in limine* is **November 4, 2024**;

(7) the parties are to appear before the undersigned for a final pretrial conference on **November 5, 2024, at 11:00 a.m.**; and

2

Case 3:24-cr-00048-TAV-DCP    Document 32    Filed 07/16/24    Page 2 of 3    PageID #: 372

(8) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **November 8, 2024**.

**IT IS SO ORDERED.**

ENTER:

_____
Debra C. Poplin
United States Magistrate Judge