IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:24-CR-48-TAV-DCP |
| | ) | |
| BARBARA MEGAN MULLINS, | ) | |
| CHRISTOPHER CALEB MULLINS, and | ) | |
| CAMM CARE, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND SUPPLEMENTAL SCHEDULING ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation as may be appropriate. This case is before the Court on Defendants Barbara Mullins's and Christopher Mullins's Joint Motion to Adopt Proposed Supplemental Scheduling Order [Doc. 55]. On January 16, 2025, the undersigned continued the trial of this case to May 5, 2026, on the oral motion of the parties [Doc. 54]. The Court directed the parties to submit a proposed agreed supplemental scheduling order proposing a new schedule in this case and addressing deadlines for motions, experts, and the proposed rolling production of trial exhibits [*Id*. at 4–5]. On January 27, 2025,[1] the parties presented the proposed supplemental scheduling order [Doc. 55-1] and asked the Court to extend the trial date an additional week to May 12, 2026. For the reasons discussed herein, the additional extension of the trial date is granted, and the proposed new schedule is accepted with one exception and one clarification.

---

[1]     The parties contacted Chambers by email to request an extension of the January 24, 2025 deadline for submitting a proposed new schedule. This request was granted.

The undersigned previously found this case to be complex for speedy trial purposes due to the extensive nature of the charges, the voluminous discovery, and the high likelihood of novel legal or factual issues [Doc. 54 p. 3]. The Court also found a trial continuance was warranted due to the need for counsel for all parties to have reasonable time to prepare for trial and to preserve the continuity of defense counsel [*Id.* at 3–4]. Defendants now seek a one-week extension of the May 5, 2026 trial date to preserve the continuity of counsel for Defendant Barbara Mullins and counsel's ability to prepare [Doc. 55 p. 1]. The motion relates that Ms. Mullins's attorney begins a death penalty case on April 13, 2026, that is expected to last two to three weeks [*Id.*]. Defendants contend moving the case to May 12, 2026, will decrease the chance that death penalty case will overlap this case and will allow time for trial preparations between the two trials [*Id.*]. The motion states that all parties agree with moving the trial date one week to May 12, 2026 [*Id.* at 1–2].

Based upon the positions and agreement of the parties, the Court finds the ends of justice served by granting the additional one-week continuance outweigh the interests of Defendants and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). The Court continues to find this case to be complex based upon the large amount of discovery, which Defendants are still reviewing, and the heightened possibility of novel issues of fact and law.[2] 18 U.S.C. § 3161(h)(7)(B)(ii). Additionally, a brief extension is appropriate to preserve the continuity of counsel and counsel's ability to prepare for Defendant Barbara Mullins. *See* 18 U.S.C. § 3161(h)(7)(B)(iv). Accordingly, the factors set forth in 18 U.S.C. § 3161(h)(7)(B) support the one-week continuance.

---

[2] The parties have already litigated the novel legal issue of releasing seized funds to pay defense counsel for Defendants Caleb and Barbara Mullins [*See* Docs. 47, 48, & 52 p. 2]. Defendants have recently raised a similar issue regarding the organizational Defendant CAMM Care, Inc. [Doc. 56].

The undersigned finds the dates and deadlines proposed by the parties in the proposed new schedule [Doc. 55-1] are reasonable and will be imposed with one exception and one clarification. First, the undersigned declines to set the proposed motion hearing of April 16, 2026, for motions in limine [*See id*. at 3]. This hearing must be set on the District Judge's calendar, and it is unknown whether any motions in limine will be filed or will require a hearing. The parties are directed to include a request for a hearing in the motion in limine, if a hearing is desired. Second, the Court clarifies that the plea deadline of February 10, 2026, is the deadline for the parties to file a plea agreement in the record. The language "for purposes of U.S.S.G. § 3E1.1(b)" [*See id*. at 2] is removed.

Accordingly, the unopposed, joint motion to continue the trial one week is **GRANTED**, and the trial of this case is reset to **May 12, 2026**. All time between the filing of Defendants' motion on January 27, 2025, and the new trial date is fully excludable under the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(D) & (7)(A)–(B). The Court adopts the dates in the proposed new scheduling order, as set forth below.

The Court **ORDERS** as follows:

(1) Defendants' unopposed Joint Motion to Adopt Proposed Supplemental Scheduling Order [**Doc. 55**] is **GRANTED**, except that the Court will not set a hearing for motions in limine at this time;

(2) The trial of this matter is reset to commence on **May 12, 2026, at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) All time between the filing of Defendants' motion on **January 27, 2025**, and the new trial date of **May 12, 2026**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) The Court continues to find this case to be **COMPLEX** for purposes of the Speedy Trial Act;

3

(5) For pretrial motions pursuant to Federal Rules of Criminal Procedure 7 and 12(b)(3)(A), (B), and (D), motions are due on **April 7, 2025**; responses are due on **May 12, 2025**, and replies may be filed on or before **May 26, 2025**;

(6) The parties shall appear before the undersigned on **June 10, 2025, at 10:00 a.m.**, for a status conference and/or motion hearing on any pretrial motions pursuant to Federal Rules of Criminal Procedure 7 and 12(b)(3)(A), (B), and (D);

(7) On **July 7, 2025**, the Government shall begin rolling identification and production of case-in-chief trial exhibits; evidence that it may introduce at trial under Fed. R. Evidence 404(b) and/or is evidence of other acts of fraud or evidence that may be considered inextricably intertwined with the charged conspiracy;

(8) Pretrial motions pursuant to Federal Rule of Criminal Procedure 12(b)(3)(C) and (E) shall be filed on **June 16, 2025**. Responses to these motions are due on or before **July 28, 2025**, and replies may be filed on **August 11, 2025**;

(9) The parties shall appear before the undersigned on **August 27, 2025, at 10:00 a.m.**, for a status conference and/or motion hearing on pretrial motions pursuant to Federal Rule of Criminal Procedure 12(b)(3)(C) and (E);

(10) The deadline for the Government's expert disclosures under Federal Rule of Criminal Procedure 16(a)(1)(G) is **October 31, 2025**;

(11) The deadline for Defendants' expert disclosures under Federal Rule of Criminal Procedure 16(b)(1)(C) is **November 30, 2025**

(12) The parties shall file all motions challenging experts ("*Daubert* motions") on or before **December 15, 2025**. Responses to *Daubert* motions are due on or before **January 14, 2026**, and replies may be filed on **January 21, 2026**;

(13) The parties shall appear before the undersigned on **January 27, 2026, at 10:00 a.m.**, for a status conference and/or motion hearing on *Daubert* motions;

(14) **February 3, 2026**, is the deadline for the Government to identify and produce case-in-chief trial exhibits; evidence that it may introduce at trial under Fed. R. Evidence 404(b) and/or evidence of other acts of fraud or evidence that may be

4

considered inextricably intertwined with the charged conspiracy. **February 3, 2026**, is also the deadline for the Government to request trial stipulations;

(15) Defendants' deadline for identifying and producing preliminary case-in-chief trial exhibits is **February 10, 2026**. This date is also the deadline for Defendants to request preliminary stipulations and to provide any preliminary statements or items under Federal Rule of Criminal Procedure 26.2 and Federal Rule of Evidence 612 not related to an advice-of-counsel defense;

(16) The deadline for the parties to file a plea agreement in the record is **February 10, 2026**;

(17) The deadline for the Government and Defendants to sign written stipulations is **March 3, 2026**;

(18) Motions in limine are due on or before **March 19, 2026**. Responses to motions in limine are due on or before **April 2, 2026**, and replies may be filed on **April 10, 2026**;

(19) A party seeking a hearing on a motion in limine shall request a hearing in the motion;

(20) The parties' deadline to submit joint, initial proposed jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 is **April 16, 2026**. This date is also Defendants' deadline for identifying and producing case-in-chief trial exhibits; and

(21) The parties shall appear before the undersigned for a final pretrial conference on **April 28, 2026, at 10:00 a.m.**

**IT IS SO ORDERED.**

ENTER:

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge