IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:24-CR-48-TAV-DCP |
| | ) | |
| BARBARA MEGAN MULLINS, and | ) | |
| CHRISTOPHER CALEB MULLINS, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation as may be appropriate. This case is before the Court on the Government's Motion for Extension of Time [Doc. 71], filed on February 2, 2026, and the parties' Joint Motion to Continue Trial and Associated Deadlines [Doc. 72], filed on February 4, 2026. *See* 28 U.S.C. § 363(b).

The parties ask the Court to continue the May 12, 2026 trial date to give time for rolling discovery and to adjust the schedule in this case [Doc. 72 ¶¶ 2–3]. Relatedly, the Government requests a thirty-day extension of its February 3, 2026 deadline for disclosing the remainder of its trial exhibits for its case-in-chief, providing notice of 404(b) evidence, and requesting trial stipulations [Doc. 71 ¶¶ 4, 6]. The Government is currently in trial[1] in another federal case, which involves one of the prosecuting attorneys, several case agents, and one of the Government's experts [*Id.* ¶ 5]. The Government observes that defense counsel for Defendants Barbara Mullins and Christopher Mullins do not oppose a thirty-day extension of the Government's deadline to

---

[1] When the Government filed its motion, the trial in *United States v. Tiffany Haney, et al*, 3:24-CR-113, was set to begin on February 4, 2026. Due to extensive litigation of motions in limine and other pretrial matters, that trial ultimately began on February 17, 2026, and remains ongoing.

identify its case-in-chief exhibits, provide notice of 404(b) evidence, and request trial stipulations [*Id*. ¶ 7].

The undersigned previously declared this case to be complex for speedy trial purposes based upon "the extensive nature of the charges, the large volume of discovery, and the high potential for additional novel legal or factual issues" [Doc. 54 p. 3; *see also* Doc. 57 p. 2]. Due to the large volume of discovery, the parties agreed on a schedule of "rolling discovery" and early designation of trial exhibits and experts [Doc. 57 pp. 4–5]. The parties now state that the thirty-day extension requested by the Government necessitates a trial continuance [Doc. 72 ¶ 3]. The parties request a trial date in the first week of November 2026, which date they contend is needed for effective trial preparation [*Id*. ¶ 4]. They estimate the trial of this matter will take three weeks, and they request a new plea deadline sixty days before trial [*Id*. ¶ 5]. The joint motion relates that Defendants "understand their individual right to a speedy trial and do not object" to the motion to continue [*Id*. ¶ 6].

Based upon the positions and agreement of the parties, the Court finds the ends of justice served by granting a trial continuance outweigh the interests of Defendants and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that not granting a continuance would both result in a miscarriage of justice and deny counsel for Defendants the reasonable time necessary for effective preparation, accounting for the exercise of due diligence. *See id*. § 3161(h)(7)(B)(i), (iv). The Court continues to find this case to be complex based upon the large amount of discovery and the heightened possibility of novel issues of fact and law. *See id*. § 3161(h)(7)(B)(ii). Additionally, the Court has under advisement the Defendants' Motion to Dismiss Counts 1–15 of the Indictment, alleging the Energy Employees Occupational Illness Compensation Program Act does not qualify as a health care benefit program under 18

2

Case 3:24-cr-00048-TAV-DCP   Document 73   Filed 02/24/26   Page 2 of 4   PageID #: 768

U.S.C. § 24(b) and § 1347 [Doc. 62]. Once the undersigned prepares a report and recommendation on this motion, the parties will need time to file objections and responses, and the District Judge will need time to rule on the motion. *See id*. § 3161(h)(1)(D), (H). Finally, the parties need time to prepare the case for trial considering the ruling on this motion and the rolling discovery disclosures. The Court finds that all of this cannot occur before the May 12, 2026 trial date.

The Court therefore **GRANTS** the parties' Joint Motion to Continue Trial and Associated Deadlines [**Doc. 72**]. The trial of this case is reset to **November 3, 2026**. The undersigned also **GRANTS** the Government's Motion for Extension of Time [**Doc. 71**]. The Government's February 3 deadline for producing its case-in-chief trial exhibits, giving notice of 404(b) evidence, and requesting stipulations is temporarily **STAYED** while the parties provide the Court with a new proposed schedule for all deadlines unexpired at the time of the filing of the motions [Docs. 71 & 72]. Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendants and the public in a speedy trial, all time between the filing of the initial motion on February 2, 2026, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(1)(H), & (h)(7)(A)–(B).

Accordingly, the Court **ORDERS** as follows:

(1) the parties' Joint Motion to Continue Trial and Associated Deadlines [**Doc. 72**] is **GRANTED**;

(2) the trial of this matter is reset to commence on **November 3, 2026, at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) all time between the filing of the Government's Motion for Extension of Time on **February 2, 2026**, and the new trial date of **November 3, 2026**, is fully excludable under the Speedy Trial Act for the reasons set forth herein;

(4) the Court continues to find this case to be **COMPLEX** for purposes of the Speedy Trial Act;

3

(5) the Government's Motion for Extension of Time [**Doc. 71**] is also **GRANTED**;

(6) the Government's February 3 deadline for producing its case-in-chief trial exhibits, giving notice of 404(b) evidence, and requesting stipulations and all deadlines unexpired as of February 3 [*see* Doc. 57 pp. 4–5] are temporarily **STAYED**;

(7) on or before **March 18, 2026**, the parties shall submit a joint, proposed supplemental scheduling order proposing a new schedule for the stayed deadlines and including the two deadlines below;

(8) the deadline for the parties to file a plea agreement in the record is **September 4, 2026**; and

(9) the parties shall appear before the undersigned for a final pretrial conference on **September 22, 2026, at 11:30 a.m.**

**IT IS SO ORDERED.**

ENTER:

_____
Debra C. Poplin
United States Magistrate Judge